IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CYBER LITIGATION INC.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 20-12702 (CTG) |
| JOSHUA HOOVER, *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>CYBER LITIGATION, INC.,<br><br>Debtor. | Adv. Pro. No. 20-50966 (CTG)<br><br>**Re.: Adv. Docket No. 40** |

**NOTICE OF FILING OF PROPOSED REDACTED VERSION OF DEFENDANT'S SURREPLY IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

TAKE NOTICE that the following is a proposed redacted version of *Defendant's Surreply in Opposition to Plaintiffs' Motion for Class Certification,* filed as agreed to by the parties pursuant to Local Rule 9018-1(d)(ii).  Defendants filed a sealed version of this filing on December 17, 2021, (Adv. D.I. 40) and a *Motion to Seal* regarding this filing on December 22, 2021 (Adv. D.I. 43).

Dated: December 22, 2021

By: */s/ Josef W. Mintz*
Josef W. Mintz (No. 5644)

---

[1] The last four digits of the Debtor's federal taxpayer identification number are 6056.  The notice address for the Debtor is Cyber Litigation Inc., PO Box 34120, Las Vegas, NV 89133.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CYBER LITIGATION, INC.,[1]<br><br>           Debtor. | Chapter 11<br><br>Case No. 20-12702 (CTG) |
| JOSHUA HOOVER, et al.<br><br>           Plaintiffs,<br><br>v.<br><br>CYBER LITIGATION, INC.,<br><br>           Debtor. | Adversary Proceeding<br>Case No. 20-50966 (CTG)<br><br><br>Re. Adv. Dkt. 26 |

**DEFENDANT'S SURREPLY IN OPPOSITION TO
PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

As with Plaintiffs' original class certification motion, their reply fails to offer any evidence or legal authority to support their effort to certify a broad WARN Act class consisting of <u>both</u> employees who – like them – worked at NS8's Las Vegas, Nevada facility <u>and</u> employees who worked remotely at locations spread across the country. In a belated effort to cure the shortcomings of their initial argument, Plaintiffs attach to their reply four new declarations from putative class members. These declarations offer nothing to help Plaintiffs meet their burden to show that NS8's remote workers actually worked from the Las Vegas facility. Accordingly, this Court should deny Plaintiffs' attempt to certify a class that includes any of NS8's remote workers.

Indeed, as explained in NS8's opposition, this Court should not certify any class because Plaintiffs cannot establish the statutory predicates for a WARN Act claim. Plaintiffs also fail to

---

[1] Debtor and the last four digits of its federal taxpayer identification number is as follows: Cyber Litigation, Inc. (6056). The notice address for Debtor is Cyber Litigation Inc., PO Box 34120, Las Vegas, NV 89133.

1

offer any meaningful reply to this argument. They do not dispute NS8's assertion – supported by the declaration of Lee Sweigart, its Deputy Chief Restructuring Officer – that it did not terminate the employment of 50 or more full-time employees (as defined in the WARN Act) at the Las Vegas facility. Instead, Plaintiffs ask the Court to ignore the evidence and let them proceed with a class action notwithstanding this insurmountable hurdle to their WARN Act claim. The law, however, is clear that the Court cannot let Plaintiffs put the cart before the horse and pursue class-wide relief based only "on conjecture about what the evidence may show." *Austen v. Catterton Partners V, LP*, 268 F.R.D. 146, 152-53 (D. Conn. 2010).

Accordingly, this Court should deny Plaintiffs' motion for class certification and order Plaintiffs to proceed individually with their claims.

## I.    Plaintiffs Cannot Represent Any Class of Remote Employees.

The parties do not dispute that the central question before this Court on Plaintiffs' motion for class certification is whether the "single site of employment" for Plaintiffs and the members of their putative class may be decided on a class-wide basis. However, Plaintiffs' reply once again fails to offer any evidence to support their unfounded assertion that this question may be resolved through proof common to the dozens of remote employees in their putative class. To the contrary, Plaintiffs' own cited data confirms that NS8's remote employees were based in locations spread across 29 states, from Maine to Hawaii, and that the overwhelming majority of these employees reported to supervisors who were themselves remote (and that many of those supervisors themselves had remote supervisors). *See* Pls.' Reply, Ex. A.

Because they cannot argue the facts in evidence, Plaintiffs instead seek to dismiss them. Relying on a new set of declarations filed with their reply brief, Plaintiffs ask the Court to simply ignore these multiple layers of remote management and find (at least for purposes of class

certification) that all of the remote employees were in fact supervised by two Las Vegas-based senior executives, NS8's Chief Revenue Officer and Chief Technology Officer. *See id.* at 8-10. This argument is both absurd on its face and wrong as a matter of law. As one court has explained, the single site of employment analysis looks not to the top of the corporate ladder, but to "where the day-to-day management decisions over employees' work duties occurred." *Rangel v. Ensign United States Drilling (California) Inc* No. 15-1042, 2017 U.S. Dist. LEXIS 160128, at *16 (E.D. Cal. Sept. 27, 2017). *See also Ciarlante v. Brown & Williamson Tobacco Corp.*, 143 F.3d 139, 147 (3d Cir. 1998) ("Our concern here is with the source of the 'day-to-day' instructions received by the sales representatives."). Tellingly, Plaintiffs' new declarants are entirely silent with regard to who was responsible for their day-to-day supervision and where those managers were located.

Plaintiffs fare no better with their argument that NS8's remote employees used common software programs to perform their work. Most of the programs identified by the declarants – Outlook, Microsoft Teams, and Zoom, among others – are common across the business world and do not suggest that NS8 exercised centralized control over remote employees from the Las Vegas facility. The new declarants' identification of certain project management software ("Salesforce" for sales employees and "Clubhouse" for engineering employees) also does not suggest that their single site of employment may be established through common proof. For example, the three new remote sales employee declarants avoid any statement as to who managed their "leads" and "sales" requirements in the Salesforce program, asserting only that the program was generally "monitored" by NS8's Chief Revenue Officer. *See* Pls.' Reply, Exs. B-D.

More broadly, Plaintiffs fail to offer any explanation (let alone any evidence) as to how NS8's "project management systems and electronic databases" offer a common basis to determine whether each remote employee's single site of employment. The fact that many or all remote

3

employees may have used the same systems and databases is irrelevant to identifying their work location under the WARN Act. And while the information in these systems and databases may provide evidence of a remote employee's responsibilities and reporting, that information would still need to be assessed individually for each remote employee. In this regard, Plaintiffs' attempt to rely on the *Ciarlante* class certification decision is misplaced – the *Ciarlante* court rested its decision on clear evidence from the representative plaintiffs that all of the remote employees' work originated from a single office location, and not on speculation as to what might be shown through future discovery. *See Ciarlante v. Brown & Williamson Tobacco Corp.*, 1995 U.S. Dist. LEXIS 18987, at *2-3 (E.D. Pa. Dec. 18, 1995).

Plaintiffs' further effort to challenge the credibility of NS8's declarant, Lee Sweigart, is a red herring. *See* Pls.' Reply at 8-9. Plaintiffs do not present any evidence to challenge Mr. Sweigart's knowledge of NS8's pre-bankruptcy operations. More importantly, there is no inconsistency between Mr. Sweigart's statements regarding the remote employees' day-to-day supervision and responsibilities and the Plaintiffs' new declarants' declarations, which carefully avoid any statement about their own day-to-day job assignments and reporting obligations. Even if there were an inconsistency, the new declarants confirm in their declarations that their experience and knowledge is limited only to a subset of NS8's remote employees. *See*, *e.g.*, Pls.' Reply, Ex. C, Zeiner Decl. ¶¶ 6, 9 (conceding that he worked in only one of the Sales Department's "four groups"); Ex. D, Blanch Decl. ¶¶ 6, 8 (conceding that he worked in the same Sales sub-group as Zeiner); Ex. E., Hadley Decl. ¶¶ 9-11 (conceding that he worked in only one of at least two distinct groups in the Engineering Department). It is axiomatic that Plaintiffs cannot obtain certification for a class that simply does not exist on their claim.

II. **Plaintiffs Cannot Bring Any Class-Wide WARN Act Claim.**

Plaintiffs' inability to establish the predicates for a WARN Act claim is not – nor is the effect of this failure on their attempt to obtain class certification – a "sucker-punch" and NS8 is not asking this Court to "peer down the road" and predetermine the merits of their claim. *See* Pls.' Reply at 10-11. Irrespective of whether Plaintiffs may bring a class action, they may still proceed with and seek to prove their individual claims (and may seek statutory attorney's fees if they prevail, rendering hollow their concern about "negative value claims," *see id.* at 12). The reason why Plaintiffs seek to hide behind these protestations is clear: their reply does not identify any authority suggesting that they may represent and bind a class under Fed. R. Civ. P. 23 without first demonstrating that they can meet the basic statutory requirements for a WARN Act claim.

Plaintiffs do not offer any evidence to dispute NS8's calculation, based on information and records produced in this litigation, that layoff alleged in the complaint affected fewer than 50 full-time employees (as defined by the WARN Act) who worked at the Las Vegas facility. Plaintiffs challenge the calculation as a "black box," but they do not offer any competing calculation suggesting that they can meet the WARN Act's statutory threshold if (as Rule 23 requires) the remote employees are excluded from their putative class. Class discovery and briefing is now complete, and the only evidence before the Court is still that NS8 did not terminate 50 or more full-time employees at the Las Vegas facility. As a result, Plaintiffs cannot bring any class-wide WARN Act claim. *See, e.g., Murphy v. Lenderlive Network, Inc.*, No. 13-3135, 2014 U.S. Dist. LEXIS 150284, at *10-11 (D. Colo. Oct. 22, 2014) (recognizing that "50 employees" is the "the minimum number under the WARN Act claim alleged" to establish numerosity under Fed. R. Civ. P. 23(a)(1).

*[Remainder of page intentionally left blank]*

## III. Conclusion.

For the foregoing reasons, and for the reasons stated in NS8's opposition brief, this Court should deny Plaintiffs' motion for class certification and should order Plaintiffs Hoover and Rosenberg to individually litigate their WARN Act claims.

|  |  |
|---|---|
| Dated: December 17, 2021<br>Wilmington, Delaware | **BLANK ROME LLP**<br><br>By: */s/ Josef W. Mintz*<br>Stanley B. Tarr (No. 5535)<br>Josef W. Mintz (No. 5644)<br>1201 N. Market Street, Suite 800<br>Wilmington, Delaware 19801<br>Telephone:  (302) 425-6400<br>Facsimile:  (302) 425-6464<br>Email: stanley.tarr@blankrome.com<br>           josef.mintz@blankrome.com<br><br>-and-<br><br>John E. Lucian (*pro hac vice*)<br>Frederick G. Sandstrom (*pro hac vice*)<br>One Logan Square<br>130 N. 18th Street<br>Philadelphia, Pennsylvania 19103<br>Telephone:  (215) 569-5500<br>Facsimile:  (215) 569-5555<br>Email: john.lucian@blankrome.com<br>           gus.sandstrom@blankrome.com<br><br>*Counsel to Debtor-Defendant* |