IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CYBER LITIGATION, INC.,[1]<br><br>        Debtor. | Chapter 11<br><br>Case No. 20-12702 (CTG) |
| JOSHUA HOOVER, et al.<br><br>        Plaintiffs,<br><br>v.<br><br>CYBER LITIGATION, INC.,<br><br>        Debtor. | Adv. No. 20-50966 (CTG)<br><br>Re. Adv. Dkt. 26 |

**DECLARATION OF LEE SWEIGART IN SUPPORT OF
DEFENDANT/DEBTOR'S SURREPLY IN OPPOSITION TO PLAINTIFFS'
MOTION FOR CLASS CERTIFICATION**

I, LEE SWEIGART, pursuant to 28 U.S.C. § 1746, declare:

    1.    I am a Managing Director with FTI Consulting, Inc., a restructuring and financial advisory firm. I have over 20 years of experience advising financially distressed companies, such as the Debtor, in and out of bankruptcy. I began providing financial advisory services to Debtor on September 22, 2020 and was appointed Debtor's Deputy Chief Restructuring Officer on October 21, 2020. In these capacities, I gained personal knowledge of Debtor's labor, employment and human resources matters.

    2.    I submit this declaration to supplement and clarify the declaration that I previously submitted in support of Debtor's Opposition to Plaintiffs' Motion for Class Certification and to address certain statements in Plaintiffs' Reply Brief in Support of Motion for Class Certification

---

[1] Debtor and the last four digits of its federal taxpayer identification number is as follows: Cyber Litigation, Inc. (6056). The notice address for Debtor is Cyber Litigation Inc., PO Box 34120, Las Vegas, NV 89133.

and Related Relief.

3.      Plaintiffs' assertion in their Reply that I have "no contemporary knowledge of NS8's operations" is incorrect. Although I began providing financial advisory services to Debtor on September 22, 2020 and was appointed Debtor's Deputy Chief Restructuring Officer on October 21, 2020, my role for the Debtor required (and continues to require), among other things, that I obtain and maintain substantial knowledge regarding Debtor's pre-bankruptcy operations, including labor, employment, and human resources matters, preceding Debtor's bankruptcy and the employment separations that give rise to Plaintiffs' claims.

4.      Plaintiffs' assertion that the business record information relied upon in my prior declaration is a "black box" is also incorrect. However, to avoid any confusion, the documents I relied upon include the document labeled CYBER-HOOVER-0005960, which was produced to Plaintiffs in discovery and formed the basis for the statements in my prior declaration.

5.      In preparing this declaration, I also reviewed other business records produced in this litigation to confirm the accuracy of my prior statements. These include the document attached as **Exhibit A**, which is labeled CYBER-HOOVER-0005963 and previously produced to the Plaintiffs in discovery. As **Exhibit A** confirms, ████████████████████████
████████████████████████████████████████████████████████████████
████ Specifically, **Exhibit A** shows that ████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████

6.      ████████████████████████████████████████████████████████

██████████ This is reflected on many of the records produced by Debtor in this litigation, including (for example) the document produced to Plaintiff at CYBER-HOOVER-0005960 and **Exhibit A**. I recognize, however, that the document that Plaintiffs attached to their Reply ██████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ██████████████

7. Plaintiffs' Opposition, ██████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████.

Additionally, my count excludes Adam Rogas, Debtor's former Chief Executive Officer. Once these items are accounted for, there are fewer than 50 full-time employees (as defined by the WARN Act) who were terminated at the Las Vegas office location.

I declare under penalty of perjury that the foregoing information is true and correct.

Executed on December 17, 2021

*/s/ Lee Sweigart*
Lee Sweigart, Deputy Chief Restructuring Officer