## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

**CRAIG T. GOLDBLATT**
**JUDGE**



**824 N. MARKET STREET**
**WILMINGTON, DELAWARE**
**(302) 252-3832**

November 6, 2023

**VIA CM/ECF**

Re:    *Hoover v. Drivetrain,* Adv. Proc. No. 20-50966

Dear Counsel:

This ruling addresses the same WARN Act adversary proceeding in which the Court ruled, by [letter ruling](#) dated August 19, 2022, that the record justified certifying the case as a class action. Because this ruling is solely for the benefit of the parties, the Court will assume familiarity with that letter ruling and with the basic facts and procedural posture of the current dispute.

In its answer, the defendant asserts, as an affirmative defense, that the layoffs in question were the result of unforeseen business circumstances within the meaning of 29 U.S.C. § 2102(b).[1] Plaintiffs moved to strike that affirmative defense, arguing that the written notice defendant provided to members of the class failed to provide

---

[1] D.I. 20 at 7-8; D.I. 133 at 5-9.

a sufficient explanation of the unforeseen business circumstances. For the reasons set forth herein, the Court will deny the motion.

## Analysis

Defenses may be stricken by a motion of the plaintiff under Rule 12(f). Like a motion to dismiss a complaint, a motion to strike a defense tests the legal sufficiency of the defense on its face.[2] Such a motion is an appropriate means to challenge the legal sufficiency of a defense, meaning that a Rule 12(f) motion may be granted if a defense will necessarily fail, no matter what the facts turn out to be. A Rule 12(f) motion should be denied, however, unless the inadequacy of the defense is "clearly apparent," meaning in essence that there is no set of facts that might be proven at trial under which the affirmative defense would be successful.[3] The authorities are therefore uniform in stating that motions to strike affirmative defenses are generally disfavored.[4]

The rules require that motions to strike be filed within 21 days of the answer.[5] The defendant is correct that the motion arrived approximately two and a half years late. That said, the delay in bringing the motion to strike may not affect the parties'

---

[2] *GEOMC Co. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 98 (2d Cir. 2019).

[3] *Cipollone v. Liggett Group, Inc.*, 789 F.2d 181, 188 (3d Cir. 1986).

[4] *United States v. Gilead Scis., Inc.*, 515 F. Supp. 3d 241, 248 (D. Del. 2021); *Uni-Marts, LLC v. NRC Realty Advisors, LLC*, 426 B.R. 77, 81 (D. Del. 2010) ("Motions to strike are generally disfavored"); *Symbol Technologies, Inc. v. Aruba Networks, Inc.*, 609 F. Supp. 2d 353, 357 (D. Del. 2009).

[5] *See* Fed. R. Civ. P. 12(f) ("the court may act … on motion made … within 21 days after being served with the pleading); Fed. R. Bankr. P. 7012(b) (applying Fed. R. Civ. P. 12(f) to adversary proceedings).

substantial rights.[6] If it were indeed clear from the pleadings that the affirmative defense were unavailable, plaintiffs would be able to obtain the very same relief by seeking partial summary judgment under Rule 56.[7] The Court therefore does not see how entertaining the Rule 12(f) motion causes any material prejudice to the defendants.

The reason the motion to strike fails, however, is that it relies on material outside the pleadings. The pleadings themselves say nothing about the manner in which the defendant provided notice of the unforeseen business circumstances. Plaintiffs have relied on documents obtained in discovery in support of its motion, which itself makes clear that the motion is not properly brought under Rule 12(f). Defendant responds by seeking leave to amend its answer.

All of this highlights that this question would be more properly teed up in the context of a motion for partial summary judgment, after both parties have been given a reasonable opportunity to develop an appropriate factual record. The Court understands that the plaintiffs seek to present a purely legal question on which there appear to be conflicting decisions.[8] Here, plaintiffs contend that the defendant's written notice was inadequate. Defendant responds by saying that more extensive

---

[6] *See* Fed. R. Bankr. P. 9005 (directing court to "disregard all errors and defects that do not affect any party's substantial rights").

[7] *See Oliner v. McBride's Indus.*, 106 F.R.D. 14, 17 (S.D.N.Y. 1985) (motion denied unless defense insufficient as a matter of law).

[8] *In re Dewey & LeBoeuf LLP*, 507 B.R. 522, 529-534 (Bankr S.D.N.Y 2014) (concluding that written notice is required to invoke the unforeseen business circumstances defense); *In re Advanced Accessory Systems, LLC*, 433 B.R. 756, 766-768 (Bankr. E.D. Mich. 2011) (concluding that the company provided former employees with sufficient notice because the CEO held meetings at each of its facilities before termination).

notice was provided in a meeting. Plaintiffs contend, however, that only the written notice matters, and that anything said in a meeting that was not committed to in writing does not count as "notice" for that purpose. Both parties have cited to case law supporting their positions on this issue.[9]

This Court is by no means opposed to resolving that question promptly and in a way that might streamline the litigation. That said, it is not clear to the Court whether the factual record before it that bears on this issue is fully developed. When a motion seeks to rely on material outside the pleadings, Rule 56 provides a mechanism for giving both sides the opportunity to put forward the facts that they believe are material to the Court's consideration of the issue – or to ask the Court for the opportunity to take further discovery if they have not had an adequate opportunity to learn the relevant facts. Rule 12(f) contains no such mechanism, which is why a dispute that relies on material outside the pleadings cannot be presented under Rule 12(f).

---

[9] D.I. 133 at 4; D.I. 137 at 3-4.

**Conclusion**

The motion to strike the defendant's affirmative defense under Civil Rule 12(f) will therefore be denied. This ruling, however, is without prejudice to the rights of the parties to seek resolution of the issue raised in the motion through a motion seeking partial summary judgment.

Sincerely,

Craig T. Goldblatt
United States Bankruptcy Judge